## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

RICHARD LEWIS PIERCE Jr.,

      Petitioner,                    Civil No. 2:08-13475
                                            HONORABLE DENISE PAGE HOOD
v.                                        UNITED STATES DISTRICT JUDGE

NICK LUDWICK,

      Respondent,

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Richard Lewis Pierce, Jr., ("Petitioner"), presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* petition, petitioner challenges his conviction for first-degree murder, MICH. COMP. LAWS § 750.316. Petitioner has also filed a motion for equitable tolling of the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). On January 16, 2009, Respondent filed a motion for summary judgment, contending that Petitioner's petition for a writ of habeas corpus should be dismissed because it was not timely filed in accordance with the statute of limitations. For the reasons stated below, petitioner's application for a writ of habeas corpus is summarily dismissed.

### I. Background

Petitioner was convicted of the above offense following a bench trial in the Wayne County Circuit Court. On August 17, 1994, the Michigan Court of Appeals affirmed petitioner's conviction. *People v. Pierce,* No. 152550 (Mich. Ct. App. August 17, 1994).

1

The Michigan Supreme Court rejected petitioner's application for leave to appeal on October 14, 1994, because it had not been timely filed.

On September 13, 2002, petitioner filed a post-conviction motion for relief from judgment with the trial court pursuant to M.C.R. 6.500, *et. seq.*  After the trial court and the Michigan Court of Appeals denied petitioner relief, state collateral review of petitioner's conviction ended on October 31, 2005, when the Michigan Supreme Court denied petitioner's application for leave to appeal the denial of his post-conviction motion.  *People v. Pierce,* 474 Mich. 906; 705 N.W. 2d 128 (2005).

On October 23, 2006, petitioner filed a petition for writ of habeas corpus with the United States Court of Appeals for the Sixth Circuit, along with a motion for authorization for leave to file a second or successive petition, on the mistaken belief that he needed to obtain permission from the Sixth Circuit to file his petition for a writ of habeas corpus.  On April 1, 2008, the Sixth Circuit denied petitioner's motion for leave to file a second or successive petition as unnecessary, on the ground that this was petitioner's first habeas petition.  *See In Re Pierce,* U.S.C.A. No. 06-2415 (6th Cir. April 1, 2008).

On August 12, 2008, petitioner re-filed his habeas petition with this Court, along with a motion for equitable tolling for the time that his petition had been pending in the United States Court of Appeals for the Sixth Circuit.

## II.  Discussion

The petition for writ of habeas corpus must be dismissed because it has not been filed

2

within the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one year statute of limitations.

Under the AEDPA, a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* A petition for a writ of habeas corpus is subject to dismissal where it has not been filed within the one year statute of limitations. *See e.g. Williams v. Wilson,* 149 Fed. Appx. 342 (6th Cir. 2005).

In the present case, the Michigan Court of Appeals affirmed petitioner's conviction on direct review on August 17, 1994. Under M.C.R. 7.302(C)(3), petitioner would have had fifty six days to file a delayed application for leave to appeal with the Michigan Supreme Court following the denial of any appeal by the Michigan Court of Appeals. *Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999). Because petitioner did not file a timely application for leave to appeal his conviction to the Michigan Supreme Court, his conviction became final, for purposes of § 2244(d)(1)(A), on October 12, 1994, when the time for

3

seeking leave to appeal with the Michigan Supreme Court expired. *See Brown v. McKee,* 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002); *Erwin v. Elo,* 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001). [1]  However, because petitioner's conviction became final well before the April 24, 1996 enactment date of the AEDPA, petitioner had one year from this date to timely file a petition for habeas relief with the federal court. *Porter v. Smith*, 126 F. Supp. 2d 1073, 1074-75 (E.D. Mich. 2001).  Absent state collateral review, petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than April 24, 1997 in order for the petition to be timely filed. *Id.*

Petitioner filed a post-conviction motion for relief from judgment on September 13, 2002, after the one year limitations period had already expired.  A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002); *see also Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003). Therefore, petitioner's post-conviction motion did not toll the running of the statute of limitations.

Moreover, petitioner did not have one year following the denial of his post-conviction

---

[1]  Normally, the one year statute of limitations does not begin to run until the ninety day time period for filing a petition for writ of certiorari in the United States Supreme Court has expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000).  In this case, however, petitioner would not be entitled to have the ninety day time period for seeking a writ of certiorari added to the calculation of the limitations period, because his failure to file a timely application for leave to appeal to the Michigan Supreme Court divested the U.S. Supreme Court of jurisdiction to grant a writ of certiorari. *See Eisermann v. Penarosa*, 33 F. Supp. 2d 1269, 1272-73, n. 5 (D. Hawaii 1999)(citing to *Flynt v. Ohio*, 451 U.S. 619 (1981); *Street v. New York*, 394 U.S. 576 (1969).

4

motion to file his petition with this Court, as he appears to suggest in his motion for equitable tolling, because the one year limitations period under the AEDPA begins to run at the conclusion of the direct review of a habeas petitioner's conviction, and not on the date which a habeas petitioner has exhausted all of his or her state post-conviction remedies. *See Payton v. Brigano,* 256 F. 3d 405, 408 (6th Cir. 2001). Section 2244(d)(2)'s tolling provision cannot "revive" the limitations period but can only "pause a clock that has not fully run." *See Vroman v. Brigano,* 346 F. 3d 598, 602 (6th Cir. 2003)(internal quotation omitted).

The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *See Griffin v. Rogers*, 399 F. 3d 626, 631 (6th Cir. 2005); *Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001). The doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010. A habeas petitioner bears the burden of establishing that he is entitled to the equitable tolling of the one year limitations period. *Jurado,* 337 F. 3d at 642.

In his motion for equitable tolling, petitioner asks this Court to equitably toll the limitations period for the time that his petition and his motion for authorization were pending in the Sixth Circuit. The Court concludes that Petitioner is not entitled to equitable tolling.

At the time that Petitioner filed his petition for writ of habeas corpus with the Sixth

5

Circuit on October 23, 2006, the one year limitations period had already expired.  "Equitable tolling functions to halt an already running limitations period that has not expired; it does not function to revive a stale claim." *Lewis v. United Air Lines, Inc.,* 117 F. Supp. 2d 434, 441 (D.N.J. 2000); *see also Skinner v. Luoma,* No. 05-cv-73632, 2006 WL 1374120, *4 (E.D. Mich. May 17, 2006); *Milosevic v. Ridge*, 301 F.Supp.2d 337, 346 (M.D. Pa. 2003). Accordingly, petitioner's mistaken filing of his petition for writ of habeas corpus and a motion for authorization to file a successive petition in the Sixth Circuit does not revive the limitations period which had already expired.[2]

To the extent that petitioner appears to have believed that he had one year from the conclusion of his post-conviction proceedings in the state courts to timely file his petition with the federal court, he would not be entitled to equitable tolling on this basis. *See Fugate v. Booker,* 321 F. Supp. 2d 857, 860 (E.D. Mich. 2004).  "[A] habeas petitioner's ignorance as to the proper calculation of the limitations period for filing a federal habeas petition does not warrant equitable tolling." *Id. (*citing *Pearson v. North Carolina,* 130 F. Supp. 2d 742, 744 (W.D.N.C. 2001)).  "[A]ny . . . misinterpretation by Petitioner of the plain language contained in § 2244(d)(2) would not constitute an extraordinary circumstance sufficient to

---

[2]  Additionally, at least one federal appellate court has held that a habeas petitioner's motion for authorization to file a successive habeas petition pursuant to 28 U.S.C. § 2244(b)(3)(A) was not itself an application for writ of habeas corpus and therefore did not satisfy the requirements of the AEDPA's one year statute of limitations. *See Fierro v. Cockrell,* 294 F. 3d 674, 680 (5th Cir. 2002).  In addition, a federal habeas petitioner does not toll the limitations period by sending his habeas petition to the incorrect federal court for filing. *See Hood v. Galaza,* 47 F. Supp. 2d 1144, 1147 (S.D. Cal. 1999).

warrant equitable tolling of the statute of limitations." *Id.* at 861.  Petitioner has failed to establish that he is entitled to equitable tolling of the limitations period.

Finally, the one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005).  "To establish actual innocence, a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup* 513 U.S. at 327)(internal quotations omitted).  For an actual innocence exception "[t]o be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Id. (*citing *Schlup*, 513 U.S. at 324). The Sixth Circuit  noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S. at 321).

In this case, petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005).

### III. ORDER

Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1).

Petitioner's Motion Requesting Appointment of Counsel [**Docket No. 3, filed on**

**August 12, 2008**] is MOOT.

Petitioner's Motion for Equitable Tolling of One Year Filing Deadline of 28 U.S.C. § 2254 [**Docket No. 4, filed on August 12, 2008**] is MOOT.

Petitioner's Motion Requesting an Evidentiary Hearing to Determine If His Waiver of Jury Trial Was Knowingly and Understandably Made [**Docket No. 5, filed on August 12, 2008**] is MOOT.

Petitioner's Motion Requesting an Evidentiary Hearing on Ineffective Assistance of Trial Counsel  [**Docket No. 6, filed on August 12, 2008**] is MOOT.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  March 10, 2009

I hereby certify that a copy of the foregoing document was served upon Richard L. Pierce, Jr., Reg. No. 220829, St. Louis Correctional Facility, 8585 N. Croswell Rd., St. Louis, MI 48880 and counsel of record on March 10, 2009, by electronic and/or ordinary mail.


S/William F. Lewis
Case Manager